IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-07-GF-BMM-01 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| LAVAL JOHN BIG LEGGINS, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Big Leggins of violating his conditions of supervised release by submitting a urine sample that tested positive for methamphetamine and by failing to reside in a residential reentry center. The Court should revoke Mr. Big Leggins's supervised release and sentence him to four months in custody, with twenty-four months of supervised release to follow. The

Conditions of Mr. Big Leggins supervised release should include the requirement that he complete the treatment program at Connections Corrections Treatment Center.

## II. Status

In August 2010, United States District Judge Sam E. Haddon accepted Mr. Big Leggins's plea of guilty to the offenses of Assault Resulting in Serious Bodily Injury (Count I) and Obstruction of Justice/Witness Tampering (Count III). (Doc. 37.) For Count I, Mr. Big Leggins was sentenced to 63 months of incarceration, with three years of supervised release to follow. For Count II, Mr. Big Leggins was sentenced to 63 months of incarceration, with three years of supervised release to follow. The sentences ran concurrently. (Doc. 39.) Mr. Big Leggins's first term of supervised release began on October 20, 2014. (Doc. 42.)

On July 6, 2015, Mr. Big Leggin's supervised release was revoked because he violated his conditions by failing to report to his probation officer as directed, failing to participate in substance abuse treatment, and failing to participate in substance abuse testing. He was sentenced to six months of custody and 30 months of supervised release. (Doc. 53.)

On March 16, 2016, The Court revoked Mr. Big Leggin's supervised release because Mr. Big leggins failed to comply with violent offender registration

requirements and failed to report to his probation officer as directed. The Court sentenced Mr. Big Leggins to time served, with twenty-nine months of supervised release to follow. (Doc. 67.)

**Petition**

On September 2, 2016, the United States Probation Office (USPO) filed a petition asking the Court to revoke Mr. Big Leggins's supervised release. In the petition, the USPO accused Mr. Big Leggins of violating the conditions of his supervised release by submitting a urine sample that tested positive for methamphetamine and by failing to reside in a residential reentry center. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Big Leggins's arrest. (Doc. 56.)

**Initial appearance**

On September 12, 2016, Mr. Big Leggins appeared before the undersigned in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Big Leggins said he had read the petition and understood the allegations. Mr. Big Leggins waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The Court continued

the revocation hearing until October 12, 2016. (Doc. 72.)

**Revocation hearing**

On October 12, 2016, Mr. Big Leggins appeared with Mr. Arvanetes before the undersigned for a revocation hearing. Assistant United States Jeffery Starnes appeared on behalf of the United States.

Mr. Big Leggins admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Big Leggins's supervised release.

Mr. Big Leggins's violation grade is Grade C, his criminal history category is III, and his underlying offenses are Class C felonies. He could be incarcerated for up to 24 months for each count. For each count, he could be ordered to remain on supervised release for twenty-eight months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Arvanetes recommended a sentence of four months in custody, with some mandated treatment. Mr Starnes agreed with the recommendation.

### III. Analysis

Mr. Big Leggins's supervised release should be revoked because he admitted violating its conditions. The Court should sentence Mr. Big Leggins to four months in custody, with twenty-four months of supervised release to follow. The

Court should also require Mr. Big Leggins to complete the treatment program at Connections Corrections in Butte, Montana. This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary.

## IV.  Conclusion

Mr. Big Leggins was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Big Leggins's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Big Leggins's supervised release and what, if any, sanction to impose.  Mr. Big Leggins waived his right to object. The United States likewise waived its right to appeal.

>   The undersigned **FINDS:**
>
>   >   Laval John Big Leggins violated the conditions of his supervised release by submitting a urine sample that tested positive for methamphetamine and by failing to reside in a residential reentry center.
>
>   The undersigned **RECOMMENDS:**
>
>   >   The district court should enter the attached Judgment, revoking Mr. Big Leggins's supervised release and sentencing Mr. Big Leggins to four months of custody, with twenty-four months of supervised release to follow.

The Court should require Mr. Big Leggins to complete the treatment program at Connections Corrections in Butte, Montana.

DATED this 17th day of October 2016.

_____
John Johnston
United States Magistrate Judge